IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br>vs.<br><br>CHARLES GREGORY ORTA,<br><br>　　　　　Defendant. | No.1:13-CR-38 |

**REPORT AND RECOMMENDATION**
**DENYING DEFENDANT'S MOTION FOR CLARIFICATION AND SPECIFIC**
**PERFORMANCE AND ORDER FOR GOVERNMENT TO RESPOND**

Pending is the Defendant, Charles Gregory Orta's, *Pro Se Motion to Modify Terms of Supervised Release* filed on September 9, 2022 (Dkt. #80) and *Pro Se Motion for Clarification and for Specific Performance* (Dkt. #81) filed on September 20, 2022. The Government filed a Response to the Defendant's motion (Dkt. #85) and *Motion to Dismiss or Deny Defendant's Motion to Modify Terms of Supervised Release as Barred by Waiver in Plea Agreement,* [or in the] *Alternative Motion to Extend Time to File Response* on November 30, 2022. (Dkt. # 86.) The court construes the Government's *Motion to Dismiss* as a supplement to its initial response and not a new motion for consideration before the court. Presiding United States District Judge Michael Truncale referred these motions to the undersigned for report and recommended disposition on November 30, 2023, pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and (3). (Dkt. # 88.)

I.

Orta pled guilty to violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) (Receipt or Distribution of Materials Involving the Sexual Exploitation of Minors) and pursuant to a Rule 11(c)(1)(C) plea agreement between the parties, the court ordered that he serve a 180-month

prison term to be followed by a period of supervised release of 10 years.[1] (Dkt. # 54, judgment signed on May 20, 2014). His plea agreement states: "Except as otherwise provided herein, the defendant expressly waives the right to appeal the conviction, sentence, fine and/or order of restitution or forfeiture in this case on all grounds." (Dkt. #44, p. 8.) The judgment contains the following special conditions, *inter alia*:

> 2. The defendant shall not have contact of any kind with children under the age of 18 unless supervised by an adult approved by the probation officer.
>
> 3. The defendant shall not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability; cellular telephones with internet capability; computers, computer peripherals, laptop computers' iPods, Personal Digital Assistants (PDAs); portable data storage devices such as thumb drives and Flash memory; or any connection. The defendant shall also refrain from the purchase, possession, or use of digital cameras; digital recorders; or any other type of recording and/or photographic equipment.

(Dkt. #54, p. 4.)

Orta makes several requests to the court. First, he asks that the court enforce the Plea Agreement of "exactly 180 months," which he alleges compels immediate release to be followed for the remainder of 68 months of supervised release. (Dkt. #81, p. 7.) Alternatively, Orta asks that in the event he serves the full 180 months' imprisonment, he asks to be released with no supervised release. (*Id.*) And if those requests are denied, Orta asks the court to amend the special conditions of supervised release to remove the conditions that prohibit him from having contact with minors and using devices with internet capability. (Dkt. #80.)

The undersigned has reviewed Orta requests and finds that his request to modify his sentence to eliminate the court-imposed term of supervised release should be denied for the

---

[1] Orta's Presentence Report (Dkt. #51, p. 5-6) states that his laptop and storage drives revealed images of child pornography, including over 136 videos that depict children younger than 18 years of age engaging in sexual conduct, and over 550 still images depicting similar examples of child pornography, and that he admitted, in a hand-written statement, that he had had sexual contact with a 6-year-old female child of his girlfriend at the time (whose identity is known to the parties), as well as a 14-year-old female cousin. He also admitted to making a video recording in December 2008 of his cousin that contained images of sexual conduct, including the lascivious display of the genitals of the minor.

reasons discussed in Section II, *infra*. As to Orta's request to modify his special terms of supervised release, the undersigned orders the Government to respond with a proposed modification in accordance with the Fifth Circuit's holding in *United States v. Beccera*, as addressed in Section III, *infra.*

II.

To the extent that Orta seeks "clarification" or reduction to his original sentence, his request should be denied. Once a sentence of imprisonment has been imposed, the court's authority to reduce or modify the sentence is limited. *Dillon v. United States*, 560 U.S. 817, 819 (2010); *United States v. Varner*, 948 F.3d 250, 253 (5th Cir. 2020). Pursuant to 18 U.S.C. § 3582(c), a district court is authorized to modify a previously imposed term of imprisonment only under the following circumstances: (1) when the court receives a motion from the Director of the Bureau of Prisons ("BOP"), or under certain circumstances, a motion from the defendant, indicating that there are extraordinary and compelling reasons warranting a reduction and that reduction is consistent with applicable policy statements issued by the Sentencing Commission; (2) when the district court, pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, acting within 14 days after the imposition of sentence, wishes to correct an arithmetical, technical, or other clear error identified in a previously imposed sentence; (3) when the defendant has provided substantial assistance and the government moves for a sentence reduction; or (4) when the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c); *see United States v. Lopez*, 989 F.3d 327, 332 (5th Cir. 2021) ("Section 3582(c)(2) permits the discretionary modification of a defendant's sentence 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently

been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o),' so long as the 'reduction is consistent with applicable policy statements.'"); *United States v. Banks*, 770 F.3d 346, 348 (5th Cir. 2014); *see also United States v. Meza*, 620 F.3d 505, 507 (5th Cir. 2010).

Here, Orta has not advanced a potentially viable claim that would qualify under these narrow exceptions. Therefore, his request to "clarify," which essentially asks the court to reduce the imposed sentence (Dkt. #81), should be denied.

## III.

Orta asks the court to modify the terms of his supervised release under 18 U.S.C. § 3583(e) and Federal Rule of Criminal Procedure 32.1(c). He relies on the Fifth Circuit's holding in *United States v. Becerra* to argue that the court's imposed limitation on computers and internet use for ten years constitutes an impermissible, overboard restriction—and his interpretation of the Court's holding is correct.[2] *See United States v. Becerra*, 835 F. App'x 751, 756 (5th Cir. 2021) (holding that an absolute 10-year ban was unlawful, but that "permitting [internet] access with prior approval of Becerra's probation officer or the district court" would be permissible).

However, Orta pled guilty to a written plea agreement that explicitly waived his right to appeal his conviction and sentence and to contest his sentence in any post-conviction proceeding. As the Government correctly states in its response, the Fifth Circuit Court of Appeals has held that a defendant's motion to modify terms of supervised release filed after he pleaded guilty, pursuant to a written plea agreement, was barred by his waiver of his right to appeal his conviction and sentence and to contest his sentence in any post-conviction proceeding. *United States v. Scallon*, 683 F.3d 680 (5th Cir. 2012) (holding that challenges to the terms of supervised

---

[2] The Government ignored Orta's reference to and reliance on *United States v. Becerra* in its response. This oversight is problematic for the Government because Fifth Circuit precedent is clear—an absolute ban on the Defendant's internet use for ten years is overbroad and unlawful. *Becerra*, 835 F. App'x at 756; *United States v. Daigle*, No. CR 10-125, 2022 WL 17622517, at *1 (E.D. La. Dec. 13, 2022).

4

release fall within the scope of an appeal waiver). Therefore, at first glance it appears that the defendant's motion should be denied on procedural grounds.

However, the term of supervised release imposed in 2014 relating to a ten-year ban on Orta's use of cellular devices was held unconstitutional by the Fifth Circuit in 2021. *See Becerra*, 835 F. App'x at 755. Accordingly, and in light of the Government's failure to address this point in its response, the Government is ordered to file a supplemental response with a proposed modification of Orta's third special condition of supervised release that complies with the Fifth Circuit's holding in *Becerra*. The Government should also review Orta's challenge to the second special condition of supervised release (that prohibits contact with minors) and provide a substantive response, and if necessary, proposed modification.

IV.

The undersigned United States Magistrate Judge **RECOMMENDS** that the District Court deny Orta's *Pro Se Motion for Clarification and for Specific Performance* (Dkt. #81). Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(2); E.D. TEX. CRIM. R. CR-59(c).

A party who objects to this Report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3). A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law

contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). It is further

**ORDERED** that the Government respond to Orta's *Pro Se Motion to Modify Terms of Supervised Release* (Dkt. #80), to include a proposed modification, if any, to the second and third special conditions of supervised release. The response is due on or before February 10, 2024.

SIGNED this 30th day of January, 2024.

_____
Zack Hawthorn
United States Magistrate Judge