IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br>vs.<br><br>CHARLES GREGORY ORTA,<br><br>           Defendant. | No.1:13-CR-38 |

**REPORT AND RECOMMENDATION**

Pending is the Defendant, Charles Gregory Orta's, *Pro Se Motion to Modify Terms of Supervised Release* filed on September 9, 2022 (Dkt. #80). Presiding United States District Judge Michael Truncale referred this motion to the undersigned for report and recommended disposition on November 30, 2023, pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and (3). (Dkt. # 88.) The undersigned has reviewed the motion and the Government's response and recommends denying the motion.

I.

Orta pled guilty to violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) (Receipt or Distribution of Materials Involving the Sexual Exploitation of Minors) and pursuant to a Rule 11(c)(1)(C) plea agreement between the parties, the court ordered that he serve a 180-month prison term to be followed by a period of supervised release of 10 years.[1] (Dkt. # 54, judgment signed on May 20, 2014). The judgment contains the following special conditions, *inter alia*:

---

[1] Orta's Presentence Report (Dkt. #51, p. 5-6) states that his laptop and storage drives revealed images of child pornography, including over 136 videos that depict children younger than 18 years of age engaging in sexual conduct, and over 550 still images of depicting similar examples of child pornography, and that he admitted, in a hand-written statement, that he had had sexual contact with a 6-year-old female child of his girlfriend at the time (whose identity is known to the parties), as well as a 14-year-old female cousin. He also admitted to making a video recording in December 2008 of his cousin that contained images of sexual conduct, including the lascivious display of the genitals of the minor.

>   2. The defendant shall not have contact of any kind with children under the age of 18 unless supervised by an adult approved by the probation officer.
>
>   3. The defendant shall not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability; cellular telephones with internet capability; computers, computer peripherals, laptop computers' iPods, Personal Digital Assistants (PDAs); portable data storage devices such as thumb drives and Flash memory; or any connection. The defendant shall also refrain from the purchase, possession, or use of digital cameras; digital recorders; or any other type of recording and/or photographic equipment.

(Dkt. #54, p. 4.) Orta asks the court to amend the special conditions of supervised release to remove the conditions that prohibit him from having contact with minors and using devices with internet capability. (Dkt. #80.)

II.

Orta asks the court to modify the terms of his supervised release under 18 U.S.C. § 3583(e) and Federal Rule of Criminal Procedure 32.1(c). He relies on the Fifth Circuit's holding in *United States v. Becerra* to argue that the court's imposed limitation on computers and internet use for ten years constitutes an impermissible, overboard restriction—and his interpretation of the Court's holding is correct. *See United States v. Becerra*, 835 F. App'x 751, 756 (5th Cir. 2021) (holding that an absolute 10-year ban was unlawful, but that "permitting [internet] access with prior approval of Becerra's probation officer or the district court" would be permissible).

However, as the Government correctly noted in its response, Orta's plea agreement contained a broad waiver of appeal that bars his right to appeal the conviction and sentence, or to contest his sentence in any post-conviction proceeding. Accordingly, Orta's *Motion to Modify Terms of Supervised Release* (Dkt. #80) should be denied without prejudice, subject to reassertion when Orta starts serving his term of supervised release. *See United States v. Scallon*, 683 F.3d 680, 683-84 (5th Cir. 2012) (applying appeal waiver to appeal from order denying

defendant's motion to modify supervised release conditions); *see also United States v. Boehm-McCauley*, 741 F. App'x 278, 279 (5th Cir. 2018) (same).

### III.

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. See 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(2); E.D. TEX. CRIM. R. CR-59(c). A party who objects to this Report is entitled to a de novo determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to de novo review by the United States District Judge of the findings of fact and conclusions of law, see Rodriguez v. Bowen, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, see Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 7th day of May, 2024.

_____
Zack Hawthorn
United States Magistrate Judge